**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ROBERT COTNER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-12-1398-C** |
| | ) | |
| **WARDEN McCOLLUM,** | ) | |
| | ) | |
| **Respondent.** | ) | |

<u>**REPORT & RECOMMENDATION**</u>

Petitioner, a prisoner appearing pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he appears to challenge his incarceration and/or the execution of his sentence. Pursuant to an order by United States District Judge Robin J. Cauthron, the matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Currently before the Court is Respondent's Motion to Dismiss [hereinafter Motion to Dismiss]. ECF No. 12. Petitioner has responded, and thus the matter is at issue and ready for disposition. For the following reasons, the undersigned recommends that the Motion to Dismiss be **GRANTED.**

Upon receipt of the Petition, former Magistrate Judge Robert Bacharach *sua sponte* entered the following order:

> [T]he habeas application is incomprehensible. The Court cannot tell from the application what the underlying factual allegations are and why Mr. Cotner contends that his sentence (whatever his sentence was for) expired. As a secondary matter, the Petitioner has referred to his sentences in the plural, but the Court has no way of telling from the application which sentence is even involved in this

> litigation. Thus, by January 28, 2013, if the application is not withdrawn, Mr. Cotner shall: (1) identify the sentence involved in this action and supplement the application with the basic factual allegations that explain why he contends that his sentence has expired, and (2) state with specificity each federal habeas action (if any) that has addressed his current habeas claim. The failure to timely comply with the present order could result in involuntary dismissal of the action.

ECF No. 6:2.

On January 18, 2013, Petitioner filed an "Amended and Clarification of Coram-Nobis-28 U.S.C.) (2241 Habeas Corpus Application AND for Writ of Ad-Tesicandum Order" [hereinafter Clarification], ECF No. 7. The undersigned finds that this document fails to adequately address the concerns expressed by former Magistrate Judge Bacharach; indeed, if anything, the Clarification is even more incoherent than Petitioner's first effort.

Respondent McCollum has filed a motion to dismiss the petition on two grounds: that the limitations period for filing the petition has expired, and that it cannot be filed in this Court without first seeking leave from the Tenth Circuit Court of Appeals. Motion to Dismiss, Doc. ECF No. 12:3,5.

## AEDPA LIMITATIONS PERIOD

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one-year limitations period governing the claims of a habeas petitioner in state custody. *Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999). The one-year limitations period runs from the latest of:

2

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Respondent relies on 28 U.S.C. § 2244(d)(1)(D), which provides that the limitations period begins to run from the date upon which the factual predicate of the claim could have been discovered through the exercise of due diligence. However, Respondent then goes on to state that the limitation period began to run on the date Petitioner's Judgment and Sentence was entered: April 27, 1992. In Petitioner's Clarification, he claims that he should have been released from prison to appear before the sentencing court "no later than March 2011." Clarification, ECF No. 7:1. Accordingly, the undersigned will liberally construe the date on which Petitioner could have discovered the factual predicate through the exercise of due diligence to be March 31, 2011. Therefore, the limitation period began to run on or about April 1, 2011, and expired on April 1, 2012. *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001); *see Haws v. Jorgensen*, No. 05-4141, 219 Fed. Appx. 781, 783 (10th Cir. March 14, 2007)

("Haws' conviction became final on January 28, 2004, and the one year period of limitations commenced the next day, January 29, 2004.") (footnote omitted) (citing *United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003)). The petition herein was filed on December 17, 2012, eight months after the limitations period expired. Thus, absent statutory or equitable tolling, the petition is untimely.

## STATUTORY TOLLING

The AEDPA limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, only those applications for state post-conviction relief filed prior to the expiration of the AEDPA limitations period will toll it. *See Fisher v. Gibson,* 262 F.3d 1135, 1142-43 (10th Cir. 2001). In his Clarification, Petitioner states that he filed a state application for a writ of habeas corpus regarding his claim on October 23, 2012. However, because his state application was filed after the AEDPA limitation period had expired, it did not toll the running of the AEDPA limitations period.

## EQUITABLE TOLLING

The limitations period may be equitably tolled under circumstances where its application would possibly render the habeas remedy "inadequate and ineffective." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is limited to "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). To justify equitable tolling, a petitioner must diligently pursue his claims and

"demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). The petitioner bears the burden to demonstrate that equitable tolling applies. *Cooper v. Bravo*, No. 00-2462, 36 Fed. Appx. 343, 347 (10th Cir. Jan. 11, 2002) (citing *Miller*, 141 F.3d at 978). Even if Petitioner could show rare and extraordinary circumstances to justify equitable tolling of the limitations period, he must also demonstrate that he has diligently pursued his federal claims. *Gibson*, 232 F.3d at 808; *Marsh*, 223 F.3d at 1220. "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003). If Petitioner truly believed that he was to be released from prison in March 2011, he certainly failed to act diligently to pursue his claim—remaining in prison another year and a half before taking any action to rectify the matter. Accordingly, equitable tolling is not appropriate, and to the extent Petitioner has stated a cognizable habeas claim at all, it is untimely.

## SUCCESSIVE PETITION

The undersigned also finds the second of Respondent's grounds for dismissal to be meritorious, although for slightly different reasons than those posited. Respondent contends that the Court lacks jurisdiction over this habeas petition because it is second and successive, and Petitioner has failed to comply with the requirement that he seek leave from the Tenth Circuit Court of Appeals before filing it. Although the undersigned

5

certainly understands the confusion as to the basis for this habeas action, the fact is that Petitioner has labeled his petition as one arising under 28 U.S.C. § 2241.

Although second and successive petitions brought in this Court under 28 U.S.C. § 2254 require that permission first be sought in the Tenth Circuit Court of Appeals, there is no such requirement for petitions under § 2241:

> A petition under § 2254 challenges the validity of the petitioner's conviction and sentence, whereas a § 2241 petition attacks the execution of his sentence. In practice, it can be very difficult to make this distinction. ("[I]t is difficult to tell whether the instant action is properly brought under § 2254 as a challenge to the validity of [the petitioner's] conviction and sentence or pursuant to § 2241 as an attack on the execution of his sentence."). But it is a distinction relevant to this case. Although a state habeas petitioner requires authorization from this court under 28 U.S.C. § 2244(b) to proceed with § 2254 claims—an authorization [Petitioner] does not have—such an authorization is not required for § 2241 claims.

*Shirley v. Davis*, No. 12-1394, 2013 WL 1136960, *2 (10th Cir. Mar. 20, 2013) (unpublished op.) (citing *Stanko v. Davis*, 617 F.3d 1262, 1269 n. 5 (10th Cir. 2010)). However, although the "prior authorization" gatekeeping provision does not apply to a state prisoner's § 2241 petition, this Court has the authority to dismiss it as second and successive under 28 U.S.C. § 2244(b).

Part and parcel of such a determination is a finding as to what criteria should be applied. Some cases seem to suggest that a district court's decision as to whether a habeas petition is successive should be evaluated under the same criteria that a court of appeals would use in making such a determination under the gatekeeping provision.

This is in accord with the United States Supreme Court's approach in a case in which it held that although the AEDPA "does not preclude this Court from entertaining an application for habeas corpus relief ... it does affect the standards governing the granting of such relief." *Felker v. Turpin*, 518 U.S. 651, 654 (1996). After determining that the gatekeeping provisions had no literal application to an original habeas action before the Supreme Court, the Court stated, "Whether or not we are bound by these restrictions, they certainly inform our consideration of original habeas petitions." *Felker*, 518 U.S. at 663. The Court further noted that the "AEDPA also codifies some of the pre-existing limits on successive petitions, and further restricts the availability of relief to habeas petitioners." *Id.* at 664. The Court continued:

> The new restrictions on successive petitions constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice "abuse of the writ." In *McCleskey v. Zant*, 499 U.S. 467 (1991), we said that "the doctrine of abuse of the writ refers to a complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions." *Id.*, at 489. The added restrictions which the Act places on second habeas petitions are well within the compass of this evolutionary process ....

*Felker v. Turpin*, 518 U.S. 651, 664 (1996) (parallel citations omitted). Furthermore, application of the § 2244(a) or § 2244(b) criteria to any court's determination as to whether a habeas petition is second or successive is both logical and in accord with the policies underlying the AEDPA.

First, it makes little sense for a district court to apply a different screening standard than that which is applied by the court of appeals when it is the "gatekeeper."

There is no policy the undersigned is aware of which would make differing standards either necessary or desirable. In this regard, it should be noted that both federal prisoners attacking their convictions and federal prisoners attacking the execution of their sentences are governed by the same second and successive standard. *See* 28 U.S.C. § 2244(a). If the pre-AEDPA abuse of the writ standard is applied to state prisoners challenging execution of their sentences through a § 2241 habeas petition, there would be no such consistency for state prisoners. Thus, it seems logical that both state prisoners attacking their convictions and state prisoners attacking the execution of their sentences should be governed by the same AEDPA second and successive standard.

Second, with regard to the policies underlying the AEDPA, the Tenth Circuit has clearly recognized that any interpretation of the AEDPA that would make it easier for petitioners to obtain review of second or subsequent habeas applications "would be inconsistent with Congress' stated intent in enacting AEDPA to 'curb the abuse of the statutory writ of habeas corpus.'" *Daniels v. United States*, 254 F.3d 1180, 1193 n. 9 (10th Cir. 2001)(en banc). Thus, the undersigned finds that even where they do not strictly apply, the AEDPA statutory standards should nonetheless provide guidance to the district court in determining whether a state prisoner's § 2241 petition is second or successive. The next question is which of the AEDPA's two provisions relating to second and successive petitions should apply. However, once differences attributable to the varying procedural postures are accounted for, there is no real difference between the

8

two provisions. Thus, the undersigned finds that the standard contained in § 2244(b) should apply to both § 2254 and § 2241 petitions filed by state prisoners.

Applying this standard, the undersigned finds that the petition at issue is clearly second and successive. First, it presents a claim almost identical to two other habeas petitions filed in this Court in 2012 alone. Case Nos. CIV-12-900-M, CIV-12-1368-M. Even if the Court were to assume that Petitioner's claims have been bolstered by case law handed down since his conviction, and therefore not presented in his previous petitions, Petitioner has pointed to no new rule of constitutional law "made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2244(b)(2)(A). As was noted in one of the recent habeas cases filed by Mr. Cotner, a review of the petition and its attachments disclosed that Petitioner's claims arise out of his conviction and sentence in Creek County District Court, Case No. CRF–91–194, and quoted the Supreme Court of the State of Oklahoma's recitation of Petitioner's filing history:

> The Court takes judicial notice that the legality of the petitioner's confinement has been determined by order of the Oklahoma Court of Criminal Appeals in cause No. F–1992–866, which is a decision of the court of last resort over criminal matters in this state. The date of the order affirming the petitioner's judgments and sentences was October 25, 1994, and Mandate was issued on January 9, 1995.
>
> Subsequently, the petitioner appears to have pursued eight applications for post-conviction relief and 26 petitions for habeas corpus before the Oklahoma Court of Criminal Appeals, in which the legality of his confinement has been recognized. The petitioner has additionally pursued 144 applications for original jurisdiction, more or less, before the Oklahoma Court of Criminal Appeals, and before this Court. The Court takes judicial notice that the instant proceeding is

> the petitioner's 11th petition for writ of habeas corpus in this Court.
>
> The legality of the petitioner's confinement has been determined repeatedly, and is no longer open to question.

*Cotner v. McCollum*, Case No. CIV-12-900-M, 2012 WL 5614820 at *1 (W.D. Okla. Oct. 31, 2012) (Roberts, M.J.) (quoting *Cotner v. Trammel*, No. HC 109,698, slip. op. (Oct. 10, 2011)), *adopted,* 2012 WL 5614088 (W.D. Okla. Nov 15, 2012) (Miles-LaGrange, C.J.).

Despite Magistrate Judge Bacharach's order directing Petitioner to state *"with specificity each federal habeas action (if any) that has addressed his current habeas claim,"* Petitioner has failed to do so. Accordingly, the undersigned sees no grounds supporting consideration of this successive petition under the requirements of 28 U.S.C. § 2244(b). To the extent his Petition can be understood at all, the root of it is—as it has always been—his argument that the State has failed to shorten the length of his life sentence, which he incorrectly believes is required by a 1997 amendment to Oklahoma's sentencing law. He also includes another recurring complaint regarding ODOC's failure to reduce criminal history points imposed in connection with a disciplinary action that occurred in 1997.

The Tenth Circuit Court of Appeals, and the United States District Courts for the both the Eastern and Northern Districts of Oklahoma, have imposed filing restrictions upon Mr. Cotner for his abusive litigation in habeas matters.[1]  *Cotner v. Boone*, No. 01-

---

[1] Mr. Cotner is also subject to filing restrictions with regard to civil rights actions under 42 U.S.C. § 1983.

7096, 48 Fed. Appx. 287, 290 (10th Cir. Sept. 13, 2002); *see Cotner v. Nichols*, No. 95-5087, 1995 WL 649734, at *1 (10th Cir. Oct. 31, 1995) (approving of filing restrictions imposed by the Northern District due to Mr. Cotner's history of frivolous and vexatious litigation); *Cotner v. Trammel,* No. CIV-11-198-JHP-KEW (E.D. Okla. July 18, 2001) (referring to Tenth Circuit's approval of filing restrictions). Accordingly, in addition to the recommendation that the current action be dismissed with prejudice as an abuse of the writ, it is further recommended that the following restrictions be imposed on any future habeas petitions filed in this District by Mr. Cotner.

> 1.   Mr. Cotner must present all future habeas petitions, whether filed under § 2254 or § 2241, upon the form petition provided for such use in this District. No additional pages shall be attached or inserted;

> 2.   All future petitions must include a signed and sworn attachment listing every petition or other application for post-conviction relief filed by Mr. Cotner in this or any other court of law or equity (whether state or federal). Each case must be listed in the following manner: by style (title) of the case; docket number; court; date filed; description of the case; and disposition and date thereof;

> 3.   All of Mr. Cotner's petitions must include an affidavit (1) citing to the order imposing these filing restrictions; (2) stating affirmatively that he has complied with all filing restrictions; and (3) concluding with a paragraph that Mr. Cotner has signed the petition, the list of prior litigation, and the affidavit "In Accordance with Rule 11 of the Federal Rules of Civil Procedure, in full acknowledgment of the representations that are being made to the Court thereby."

The undersigned finds these restrictions to be necessary in light of Mr. Cotner's history of filing frivolous and vexatious petitions; his habit and custom of filing

successive and frivolous habeas actions takes away from the time needed to consider the habeas actions brought by other prisoners. The undersigned further finds that the proposed restrictions leave Mr. Cotner with adequate access to this Court for any future habeas actions, and are narrowly tailored to stem his particular pattern of abusive and repetitious habeas litigation. Although the undersigned has not recommended prior approval of proposed habeas actions, Petitioner is cautioned that restrictions that are more stringent will be considered if he continues to abuse the writ.

## RECOMMENDATION

In light of the foregoing, it is recommended that **Respondent's Motion to Dismiss Writ of Habeas Corpus, ECF No. 12, be GRANTED.**  In light of this recommendation, the following motions are **DENIED AS MOOT: ECF Nos. 15, 20, 21.**  In light of Petitioner's history of abusing the writ of habeas corpus in this District, it is further recommended that all future habeas actions filed in this Court by Robert E. Cotner, the Petitioner herein, be subject to the following filing restrictions:

> 1.   Mr. Cotner must present all future habeas petitions, whether filed under § 2254 or § 2241, upon the form petition provided for such use in this District. No additional pages shall be attached or inserted;

> 2.   All future petitions must include a signed and sworn attachment listing every petition or other application for post-conviction relief filed by Mr. Cotner in this or any other court of law or equity (whether state or federal). Each case must be listed in the following manner: by style (title) of the case; docket number; court; date filed; description of the case; and disposition and date thereof;

3.  All of Mr. Cotner's petitions must include an affidavit (1) citing to the order imposing these filing restrictions; (2) stating affirmatively that he has complied with all filing restrictions; and (3) concluding with a paragraph that Mr. Cotner has signed the petition, the list of prior litigation, and the affidavit "In Accordance with Rule 11 of the Federal Rules of Civil Procedure, in full acknowledgment of the representations that are being made to the Court thereby."

Petitioner is hereby advised of his right to file specific written objections to this Report and Recommendation.  *See* 28 U.S.C. § 636 and Fed.R.Civ.P. 72.  Any such objections should be filed with Clerk of the District Court by **April 22, 2013.**  Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

### STATUS OF THE REFERRAL

This Report and Recommendation **terminates all matters** referred to the undersigned in the above captioned case.

**ENTERED** on April 4, 2013.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE